## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KATHERINE A. CURETON,

        Plaintiff,

v.

KIRSTJEN M. NIELSEN,[1] Secretary,
U.S. Department of Homeland Security, *et
al.*,

        Defendants.

**FILED**

**MAR 3 0 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Civil Action No. 17-0576 (RJL)

### MEMORANDUM OPINION
(March 3 0 , 2018) [Dkt. #9]

Plaintiff, Katherine Cureton ("Cureton" or "plaintiff"), proceeding *pro se*, brought

this action against defendants, Kirstjen Nielsen, Rhonda Brooks, Tammy Hudson, and

Allen Blume (collectively referred to as "defendants"), alleging various instances of

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e. Defendants moved to dismiss or, in the alternative, for summary judgment.

Upon review of the pleadings, the relevant case law, and the entire record herein,

defendants' motion is **GRANTED** and this case is **DISMISSED** with prejudice.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes the
current Secretary of the Department of Homeland Security as a party defendant.

# BACKGROUND

## A. Plaintiff's 2013 EEO Activity

Beginning in October 2012, plaintiff worked at the Department of Homeland Security ("DHS") as a Student Trainee in its Pathways Internship Program assigned to the Office of the Chief Financial Officer ("OCFO"). Defs.' Mot. to Dismiss, or, in the Alternative, for Summ. J. [Dkt. #9] ("Defs.' Mem.") 3; Compl. [Dkt. #1] 4. Rhonda Brooks ("Brooks"), OCFO's Director of Administration & Logistics, was plaintiff's first-line supervisor. Defs.' Mem. 3. Allen Blume ("Blume") was the Director of OCFO's Budget Division, and Tammy Hudson ("Hudson") was a Records Officer in DHS's Office of the Chief Information Officer. *Id.*

In September 2013, plaintiff filed a formal EEO complaint (Case No. HS-HQ-02174-2013) with DHS's Office of Civil Rights and Civil Liberties ("CRCL"), alleging discrimination based on her age. Statement of Material Facts Not In Dispute ("SOMF") [Dkt. #9] ¶ 1. She identified Brooks "as a responsible management official in the administrative complaint." Defs.' Mem. 4.

Plaintiff's employment ended on January 11, 2014, *see* SOMF ¶ 2, and plaintiff attributes her termination to "retaliation by DHS senior management officials within the Office of the Chief Financial Officer, Office of the Chief Information Officer and the Office of the Chief Human Capital Officer," Compl. 4. Specifically, plaintiff alleges that "Rhonda Brooks ended [her] Pathways appointment when [p]laintiff refused to resign [on] November 20, 2013." *Id.* Defendants counter that, "[b]ased on a review of the entire evidentiary record, CRCL fully implement[ed] the Equal Employment Opportunity

2

Commission (EEOC) Administrative Judge's (AJ) decision finding no discrimination, as the final action in this matter." Defs.' Mem., Ex. 5 ("Final Order dated March 3, 2016") 1.

Plaintiff's 2013 EEO activity and termination were the subjects of a prior lawsuit. *See generally* Compl., *Cureton v. Johnson*, No. 16-cv-1270 (D.D.C. June 23, 2016). In that case, this Court ruled that plaintiff filed her lawsuit "on the 92nd day after [her] receipt of DHS's final action," such that "the underlying claims, including the [age discrimination] and related wrongful termination claims, [were] untimely." *Cureton v. Duke*, 272 F. Supp. 3d 56, 62 (D.D.C. 2017), *appeal docketed*, No. 17-5251 (D.C. Cir. Oct. 31, 2017).

**B. Applications for Budget Analyst, Program Analyst, and FEMA Positions[2]**

*1. Budget Analyst*

DHS issued Vacancy Announcement Number DHSHQ15-1380243-FO for a Budget Analyst position, and plaintiff submitted her application on April 21, 2015. *See* Compl. 4–5; Defs.' Mem., Ex. 2 ("Copeland Decl.") 280. On May 13, 2015, plaintiff "received an automated email from USA Staffing informing her that she had not been referred for consideration for [the] position[.]" SOMF ¶ 3; *see* Defs.' Mem., Ex. 3 ("Notice of Results"). After the announcement had closed, on May 15, 2015, plaintiff contacted Katherine Copeland ("Copeland"), a Human Resources Specialist, to request consideration for the position under Schedule A hiring authority. SOMF ¶ 4; Copeland Decl. 280–81;

---

[2] In addition to these applications, plaintiff appears to allege that she also applied for, was deemed eligible for, and not referred for, a position with U.S. Customs and Border Protection in October 2016. Compl. 5.

Defs.' Mem., Ex. 4; Compl. 5. Although plaintiff submitted the requisite Schedule A documentation, Copeland determined that plaintiff "would not be considered under the announcement because the proper documentation had not been submitted by the closing date of the announcement." Copeland Decl. 281. Nevertheless, Copeland "forwarded [plaintiff's application] to the selecting official for consideration under the Schedule A hiring authority for any vacancies including . . . the budget analyst position." *Id.*

*2. Program Analyst*

DHS issued Vacancy Announcement Number DHSHQ15-1391613-FO for a Program Analyst, and plaintiff applied for the position in May 2015. Defs.' Mem., Ex. 6 ("Cureton Decl.") 115; *see* Compl. 5. On June 12, 2015, plaintiff contacted Donald Jackson, a Program Specialist at the OCFO, by email asking whether she would be granted an interview. *See* Defs.' Mem., Ex. 8 ("Jackson Decl.") 422–23. Mr. Jackson did not respond. *See id.*

*3. FEMA*

On June 25, 2015, "[p]laintiff attended a hiring event sponsored by FEMA," the Federal Emergency Management Administration, "for Schedule A applicants." Compl. 5; Defs.' Mem., Ex. 9 ("Addendum to Cureton Decl.") 121; SOMF ¶ 9. Eric Leckey ("Leckey"), FEMA's Acting Chief Administrative Officer, interviewed plaintiff, who was to be considered for the position of "Government Information Specialist, GS12 functioning as a Records Management Specialist within the Privacy Office." SOMF ¶ 10; Addendum to Cureton Decl. 121. By e-mail dated June 29, 2015, Mr. Leckey requested plaintiff's references. Defs.' Mem., Ex. 10.

**C. Plaintiff's 2015 EEO Activity**

Plaintiff's initial contact with an EEO Counselor with the CRCL took place on July 7, 2015, *see* Compl., Ex. 2 ("Final Order dated November 29, 2016") 1, and her initial interview took place on July 13, 2015, *see* Defs.' Mem., Ex. 18 ("EEO Counselor's Report, HS-HQ-24268-2015") 48. Plaintiff filed her formal complaint on August 2, 2015, alleging discrimination based upon physical disability and reprisal for her 2013 EEO activity. *See* Defs.' Mem. Ex. 1 ("Individual Complaint of Employment Discrimination, Case No. HS-HQ-24268-2015") 33–34. The first two discrimination claims pertained to plaintiff's applications for the Budget Analyst and Program Analyst positions:

> 1. On June 2, 2015, you were informed that you were not being considered for selection for the Budget Analyst position, advertised under Vacancy Announcement Number DHSHQ15-1380243-FO, and that your application was being forwarded to the Human Resources liaison for consideration under "Schedule A" authority. You further stated that you believe your former supervisor, Rhonda Brooks, has interfered with your ability to be interviewed and considered for this position.
>
> 2. On June 9, 2015, you were informed that your application for the Program Analyst position, advertised under Vacancy Announcement Number DHSHQ15-1391613-FO, was forwarded to the Human Resources liaison for consideration under "Schedule A" authority. You further stated that you believe your former supervisor, Rhonda Brooks, has interfered with your ability to be interviewed and considered for this position.

Compl., Ex. 1 ("Statement of Accepted Claim dated December 30, 2015") 1–2.

On October 19, 2015, plaintiff amended her complaint to add another claim:

> 5. On an unspecified date, you learned that you were not
> selected for a position at a hiring event on June 25, 2015, after
> you interviewed for the position and provided the hiring
> official with your former DHS supervisor's contact
> information.

*Id.* at 2; *see* Defs.' Mem., Ex. 16 at 72.[3] On January 29, 2016, EEO forwarded plaintiff a

copy of the Investigative File, and on February 22, 2016, plaintiff requested a hearing

before an administrative law judge ("ALJ"). *See* Final Order dated November 29, 2016 at

2. DHS/CRCL issued its final decision on November 29, 2016, citing the following reasons

for its decision:

> On October 20, 2016, an AJ from EEOC's Washington Field
> Office issued a decision dismissing the complaint from the
> hearing process. With the decision, the AJ included an October
> 14, 2016 email from [plaintiff] in which she wrote that she
> "will not move forward with the administrative process." The
> October 14th email contained a forwarded email that [plaintiff]
> had sent earlier on the same day to HQ EEO, stating, "Notice
> of intent to file in US District Court for the District of
> Columbia." After careful review, this Office finds that
> [plaintiff] clearly wished to withdraw her entire complaint
> from the administrative process, and not just the hearing
> process. As such, this Office fully implements the AJ's
> dismissal decision, and considers this case withdrawn with
> prejudice from the administrative EEO process.

*Id.* at 3.

---

[3] Plaintiff's additional amendments to the EEO complaint on December 18, 2015 and
December 21, 2015 are not directly related to the Title VII claims brought in this case. *See*
Statement of Accepted Claim dated December 30, 2015.

Plaintiff filed the instant complaint on February 27, 2017, bringing claims under Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000e.[4]

## LEGAL STANDARD

### A. Dismissal under Rule 12(b)(6)

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations and internal quotation marks omitted). This Court must grant a motion to dismiss under Rule 12(b)(6) if the allegations in the complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the complaint provides "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the court "must take all of the factual allegations in the complaint as true," legal conclusions "couched as . . . factual allegation[s]" do not warrant the same deference. *Id.* Thus, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[4] Plaintiff's original complaint bears a date stamp indicating that the Clerk of Court received the pleading on February 27, 2017. The Court treats the complaint as if it had been filed on that date.

## B. Summary Judgment under Rule 56

This Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). The Court "view[s] the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in [her] favor." *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 850 (D.C. Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). Plaintiff, the party opposing a motion for summary judgment, cannot rely on mere unsupported allegations or denials; rather, she must support her opposition with affidavits, declarations, or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, plaintiff must "provide evidence that would permit a reasonable jury to find" in her favor. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

**DISCUSSION**

**A. Plaintiff's Claims against Brooks, Hudson, and Blume**

In addition to defendant Nielsen—the Secretary of DHS—plaintiff names Brooks, Hudson, and Blume as defendants. Compl. 2. The proper defendant to a lawsuit under Title VII, however, is the head of the relevant agency. *See* 42 U.S.C. § 2000e-16(c); *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) ("[T]he head of the agency is the only proper defendant in a Title VII action."). Accordingly, the Court dismisses defendants Brooks, Hudson, and Blume as parties to this action, dismisses all claims against them, and proceeds as if plaintiff had named Nielsen, the current DHS Secretary, as the sole defendant in this case.

**B. Exhaustion of Administrative Remedies**

"Before filing suit, a federal employee who believes that her agency has discriminated against her in violation of Title VII must first seek administrative adjudication of her claim." *Payne v. Salazar*, 619 F.3d 56, 58 (D.C. Cir. 2010); *see* 42 U.S.C. § 2000e-16(c). The process for administrative adjudication has been described as follows:

> To begin that process, the employee generally must contact an EEO counselor to complain about the alleged violation within 45 days of its occurrence. 29 C.F.R. § 1614.105; *see also Woodruff v. Peters*, 482 F.3d 521, 527 (D.C. Cir. 2007). If the matter is not resolved through counseling, the employee must timely file an administrative complaint with the agency's EEO office. *See* 29 C.F.R. § 1614.106(a)–(c). After the agency has the opportunity to investigate the matter, the complainant may demand an immediate final decision from the agency or a hearing before an EEOC administrative judge. *See* 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f). A complainant

> may file a civil action within 90 days of receipt of the final
> decision from the agency or after a complaint has been pending
> for at least 180 days. *See* 29 C.F.R. § 1614.407.

*Koch v. Walter*, 935 F. Supp. 2d 164, 169–70 (D.D.C. 2013). Defendants argue that plaintiff "has failed to follow those procedures for all but one of the claims in her complaint[.]" Defs.' Mem. 10. I address plaintiff's claims in turn.

*1. Applications between April 2015 and June 2015 for Unspecified Positions*

Plaintiff alleges that "Brooks . . . failed to consider [her] for all available vacancies advertised at DHS-OCFO between April 2015 and June 2015," Compl. 4, and that she was not referred for a Records and Management Specialist position or a GS-14 position with U.S. Customs and Border Protection, *id.* at 5. Defendants counter that plaintiff raised none of these issues at the administrative level. *See* Defs.' Mem. 13. Unfortunately for plaintiff, defendants are correct. How so?

It is apparent from plaintiff's formal EEO complaint and the Statement of Accepted Claim that plaintiff challenged three employment decisions: (1) non-selection for the Budget Analyst position; (2) non-selection for the Program Analyst position; and (3) non-selection for the FEMA position. *See generally* Individual Complaint of Employment Discrimination, Case No. HS-HQ-24268-2015; Statement of Accepted Claim dated December 30, 2015. No other positions or applications are mentioned in her EEO complaint. I therefore must dismiss all of plaintiff's claims not raised at the administrative level for failure to exhaust. *See, e.g., Cheatham v. Holder*, 935 F. Supp. 2d 225, 235 (D.D.C. 2013).

10

*2. Non-Selection for the FEMA Position*

The FEMA hiring event to which plaintiff refers in her complaint occurred on June 25, 2015. Compl. 5; SOMF ¶ 9. It appears from the complaint that plaintiff believes she had been offered a position, and that the offer was then rescinded upon receipt of "an adverse reference regarding Plaintiff's employment at DHS-OCFO," which was provided by Ms. Hudson on the same day as the hiring event. *Id.* Even if this were the case, however, plaintiff's claim on this point must be dismissed.

Pursuant to 29 C.F.R. § 1614.105, plaintiff was required to contact an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). That period would have ended on or about August 10, 2015, or 45 days after the hiring event, yet plaintiff did not amend her then-pending EEO complaint until October 19, 2015. *See* Statement of Accepted Claim dated December 30, 2015 at 2 (Claim No. 5). Because plaintiff failed to contact an EEO Counselor in a timely manner, she failed to exhaust her administrative remedies regarding non-selection for a FEMA position.

**C. Discrimination Based on Disability**

Plaintiff also alleges that Nielsen discriminated against her on the basis of a physical disability. *See* Compl. 3; Statement of Accepted Claim dated December 30, 2015 at 1–2 (Claim Nos. 1–2, 7); Individual Complaint of Employment Discrimination, Case No. HS-HQ-24268-2015 at 34. But nowhere in her pleadings does plaintiff identify her disability, allege that defendants were aware of her disability, or allege any facts to link defendants' purported discriminatory acts to her disability. Nor does plaintiff point to any materials in

11

the record tending to show that defendants discriminated against her because of an unspecified disability. There simply are no facts alleged or proven to support a disability discrimination claim. The Court accordingly grants defendants' motion to dismiss plaintiff's claim of discrimination based on disability.

## D. Non-Selection for Budget Analyst Position

Plaintiff's claim arising from non-selection for the budget analyst position is hardly a model of clarity. But after careful consideration of the record before me, this Court grants defendants' motion for summary judgment for three reasons.

First, plaintiff suggests she had not "been referred to the hiring official as a Schedule A applicant," Compl. 5, and that her application was evaluated using inappropriate selection criteria, *id.* at 4–5. But the record shows that a three-member hiring panel for Vacancy Announcement Number DHSHQ15-1380243-FO reviewed and rated plaintiff's application. *See generally* Defs.' Mem., Exs. 12–14. On these facts, which plaintiff does not challenge, I cannot conclude that defendants refused to consider her application.

Second, plaintiff alleges that her application "was evaluated using selection criteria which penalized [her] for being unemployed by DHS as of January 2014," Compl. 5, and was "rated on [the bases of plaintiff's] employment status and stability," Statement of Accepted Claim dated December 30, 2015 at 2 (Claim No. 7). But plaintiff points to no evidence in the record to support these assertions. In fact, the record in this case shows that the hiring panel applied the same criteria to plaintiff's application as it applied to all the other applications it reviewed. *See* Defs.' Mem., Ex. 12 at 138 & Attach. A–C, Ex. 13 at 188–89, Ex. 14 at 212, 217–21.

Third, plaintiff neither alleges in her complaint nor demonstrates through record materials that there was a causal connection between her 2013 EEO activity and the non-selection decision in 2015. "To prove unlawful retaliation, a plaintiff must show: (1) that [she] opposed a practice made unlawful by Title VII; (2) that the employer took a materially adverse action against [her]; and (3) that the employer took the action 'because' the employee opposed the practice." *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012). Without question, plaintiff opposed a practice made unlawful under Title VII, and DHS took an adverse action against plaintiff when the hiring panel did not select her for the Budget Analyst position. Plaintiff's claim fails, however, because she cannot demonstrate causation. Nothing in plaintiff's opposition to defendants' motion suggests or proves that DHS rejected her application because of her 2013 EEO activity. And the causation element is particularly lacking given the fact that plaintiff's protected activity occurred nearly two years before the non-selection decision that she challenges here. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) (where complainant relied on temporal proximity to demonstrate causation, an adverse "[a]ction taken . . . 20 months later suggests, by itself, no causality at all").[5]

---

[5] Insofar as plaintiff challenges her non-selection for the Program Analyst position, *see* Individual Complaint of Employment Discrimination, Case No. HS-HQ-24268-2015 at 35, the claim must fail because plaintiff has not demonstrated that DHS declined to consider her because of her disability.

## CONCLUSION

For all of the foregoing reasons, defendants' Motion is **GRANTED** and plaintiff's complaint is **DISMISSED** with prejudice. A separate order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge